**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**
0 Valuation of Security          0 Assumption of Executory Contract or Unexpired Lease          0 Lien Avoidance

**Last revised: September 1, 2018**

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

In Re:    **Jean N. Mathurin**

Case No..:    **18-20743-JKS**
Judge:    **John K. Sherwood**

Debtor(s)

## CHAPTER 13 PLAN AND MOTIONS - AMENDED

☐ Original  
☐ Motions Included  
■ Modified/Notice Required  
☐ Modified/No Notice Required  
Date:  

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

> **The following matters may be of particular importance.** *Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

THIS PLAN:

■ DOES ☐ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ■ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

1

☐ DOES ■ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney **JH**    Initial Debtor: **JNM**    Initial Co-Debtor _____

## Part 1: Payment and Length of Plan

a. The debtor shall pay **160.00 Monthly*** to the Chapter 13 Trustee, starting on ___ for approximately **60** months.

b. The debtor shall make plan payments to the Trustee from the following sources:
- ■ Future Earnings
- ☐ Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:
- ☐ Sale of real property
  Description:
  Proposed date for completion: _____

- ☐ Refinance of real property:
  Description:
  Proposed date for completion: _____

- ■ Loan modification with respect to mortgage encumbering property:
  Description: **4 Larikat Lane Sparta, NJ 07871**
  Proposed date for completion: **December 31, 2018**

d. ■ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

## Part 2: Adequate Protection          X NONE

a. Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).

b. Adequate protection payments will be made in the amount of $____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: ____ (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| Marie-Ann Greenberg | Administrative | 15,095.00 |
| Joshua Humphries 013332008 | Attorney Fees | 1,883.00 |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
■ None
☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|

## Part 4: Secured Claims

### a. Curing Default and Maintaining Payments on Principal Residence: ■ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ■ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|

### c. Secured claims excluded from 11 U.S.C. 506: ■ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|

### d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments ■ NONE

   1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |

  2.)  Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

### e. Surrender ■ NONE

  Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|

### f. Secured Claims Unaffected by the Plan ☐ NONE

  The following secured claims are unaffected by the Plan:

Creditor
**MB Financial Bank**

### g. Secured Claims to be Paid in Full Through the Plan ■ NONE

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|

## Part 5:  Unsecured Claims     ☐ NONE

  a. **Not separately classified** allowed non-priority unsecured claims shall be paid:
  ☐    Not less than $____ to be distributed *pro rata*

  ■    Not less than __100__ percent

  ☐    *Pro Rata* distribution from any remaining funds

  b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|

## Part 6:  Executory Contracts and Unexpired Leases     X NONE

  (NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

  All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|

## Part 7:  Motions     X NONE

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal,* within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

    a.  **Motion to Avoid Liens under 11 U.S.C. Section 522(f).** ■ NONE
The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

    b.  **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ■ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

    c.  **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ■ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| | | | | | |

**Part 8:  Other Plan Provisions**
    a.  **Vesting of Property of the Estate**
        ■ Upon Confirmation
        ☐ Upon Discharge

    b.  **Payment Notices**
Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

    c.  **Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:
        1)   Ch. 13 Standing Trustee Commissions
        2)   **Other Administrative Claims**
        3)   **Secured Claims**
        4)   **Lease Arrearages**
        5)   **Priority Claims**
        6)   **General Unsecured Claims**

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ■ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

| Part 9: Modification ■ NONE |||
|---|---|---|
| If this Plan modifies a Plan previously filed in this case, complete the information below. Date of Plan being modified: **5/26/2018**. |||
| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: ||
| **Increase plan payments for unsecured claims** | **Increase plan payments in month 5 to $3,940/mo.** ||

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ■ No

### Part 10 : Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:
☐ NONE
■ Explain here:
**\*This plan is a step plan or has lumpsum payments as follows: $160.00 per month for 5 months, then $2,730.00 per month for 55 months**

**Debtors propose to complete a loan modification by December 31, 2018 through the Court's Loss Mitigation Program. In the event that the Debtors do not complete a modification or their participation in LMP is terminated, they will file a modified plan either (1) curing the pre-petition arrears through the plan; (2) surrendering the property; or (3) sale or refinance within 30 days of the denial of a modification or termination of LMP.**

Any non-standard provisions placed elsewhere in this plan are ineffective.

### Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to *Local Form, Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: **October 29, 2018**    /s/ **Jean N. Mathurin**
**Jean N. Mathurin**
Debtor

Date: _____
Joint Debtor

Date **October 29, 2018**    /s/ **Joshua Humphries**
**Joshua Humphries 013332008**
Attorney for the Debtor(s)

6

United States Bankruptcy Court
District of New Jersey

In re:                                                                    Case No. 18-20743-JKS
Jean N. Mathurin                                                          Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-2          User: admin              Page 1 of 2            Date Rcvd: Oct 30, 2018
                              Form ID: pdf901          Total Noticed: 30

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 01, 2018.
```
db           +Jean N. Mathurin,    4 Larikat Lane,    Sparta, NJ 07871-3044
cr           +MB FINANCIAL BANK, NATIONAL ASSOCIATION,    Phelan Hallinan & Schmieg, PC,    400 Fellowship Road,
               Suite 100,    Mt. Laurel, NJ 08054-3437
lm           +MB Financial Bank, N.A.,    Attn: Customer Care Team,    2251 Rombach Avenue,
               Wilmington, OH 45177-1995
cr           +Santander Consumer USA Inc.,,    P.O. Box 961245,    Fort Worth, TX 76161-0244
517556984    +Bank of America,    4909 Savarese Circle,    Fl1-908-01-50,    Tampa, FL 33634-2413
517654863     CW Nexus Credit Card Holdings l, LLC,    Resurgent Capital Services,    PO Box 10368,
               Greenville, SC 29603-0368
517556988    +Fein, Such, Kahn & Shepard, PC,    7 Century Drive,    Suite 201,    Parsippany, NJ 07054-4673
517620618    +Intercoastal Financial LLC,    7954 Transit Rd, $144,    Williamsville, NY 14221-4117
517556989    +MB Financial Bank,    2251 Rombach Ave,    Wilmington, OH 45177-1995
517628109    +MB Financial Bank, National Association,    2251 Rombach Avenue,    Wilmington, Ohio 45177-1995
517672128     Pinnacle Credit Services, LLC its successors and,    assigns as assignee of Cellco,
               Partnership d/b/a Verizon Wireless,    Resurgent Capital Services,    PO Box 10587,
               Greenville, SC 29603-0587
517607576    +Santander Consumer USA Inc.,    PO Box 560284,    Dallas, TX 75356-0284
517617753     UNITED STATES DEPARTMENT OF EDUCATION,    CLAIMS FILING UNIT,    PO BOX 8973,
               MADISON WI 53708-8973
517556991    +Us Dept Of Ed/Great Lakes Higher Educati,    Attn: Bankruptcy,    2401 Interanational Lane,
               Madison, WI 53704-3121
517840834    +VW Credit, Inc.,    PO Box 9013,    Addison, Texas 75001-9013
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg           E-mail/Text: usanj.njbankr@usdoj.gov Oct 30 2018 23:49:42     U.S. Attorney,    970 Broad St.,
               Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg          +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Oct 30 2018 23:49:39     United States Trustee,
               Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
               Newark, NJ 07102-5235
cr           +E-mail/PDF: gecsedi@recoverycorp.com Oct 30 2018 23:44:52
               Synchrony Bank, c/o PRA Receivables Management, LL,    POB 41021,    Norfolk, VA 23541-1021
517565695     E-mail/Text: ally@ebn.phinsolutions.com Oct 30 2018 23:48:51     Ally Capital,    PO Box 130424,
               Roseville MN 55113-0004
517556983    +E-mail/Text: ally@ebn.phinsolutions.com Oct 30 2018 23:48:51     Ally Financial,
               Attn: Bankruptcy Dept,    Po Box 380901,    Bloomington, MN 55438-0901
517592378    +E-mail/PDF: acg.acg.ebn@americaninfosource.com Oct 30 2018 23:45:01
               BMW Bank of North America,    AIS Portfolio Services, LP,    4515 N Santa Fe Ave. Dept. APS,
               Oklahoma City, OK 73118-7901
517656643     E-mail/PDF: ais.bmw.ebn@americaninfosource.com Oct 30 2018 23:46:21
               BMW Financial Services NA, LLC,    P.O. Box 3608,    Dublin, OH  43016
517556985     E-mail/PDF: ais.bmw.ebn@americaninfosource.com Oct 30 2018 23:46:23     Bmw Financial Services,
               Attn: Bankruptcy Department,    Po Box 3608,    Dublin, OH 43016
517648661    +E-mail/PDF: acg.acg.ebn@americaninfosource.com Oct 30 2018 23:45:01
               BMW Financial Services NA, LLC,    AIS Portfolio Services, LP,    4515 N Santa Fe Ave. Dept. APS,
               Oklahoma City, OK 73118-7901
517556986    +E-mail/Text: bankruptcy_notifications@ccsusa.com Oct 30 2018 23:50:20
               Credit Collections Services,    Attention: Bankruptcy,    725 Canton Street,
               Norwood, MA 02062-2679
517556987    +E-mail/Text: bknotice@ercbpo.com Oct 30 2018 23:49:44     ERC/Enhanced Recovery Corp,
               Attn: Bankruptcy,    8014 Bayberry Road,    Jacksonville, FL 32256-7412
517669812     E-mail/PDF: resurgentbknotifications@resurgent.com Oct 30 2018 23:56:46
               LVNV Funding, LLC its successors and assigns as,    assignee of NCOP X, LLC,
               Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
517682105     E-mail/Text: bankruptcynotice@nymcu.org Oct 30 2018 23:49:59     MUNICIPAL CREDIT UNION,
               22 CORTLANDT ST 24 FL,    NEW YORK, NY 10007-3145
517556990     E-mail/Text: bankruptcynotice@nymcu.org Oct 30 2018 23:49:59     Municipal Credit Union,
               Po Box 3205,    Church Street Station,    New York City, NY 10007
517560159    +E-mail/PDF: gecsedi@recoverycorp.com Oct 30 2018 23:44:51     Synchrony Bank,
               c/o of PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
                                                                                              TOTAL: 15
```

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

```
District/off: 0312-2          User: admin              Page 2 of 2              Date Rcvd: Oct 30, 2018
                              Form ID: pdf901          Total Noticed: 30
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 01, 2018                                      Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 29, 2018 at the address(es) listed below:
          Jason Brett Schwartz    on behalf of Creditor    Financial Services Vehicle Trust (FSVT)
           jschwartz@mesterschwartz.com
          Jill  Manzo    on behalf of Creditor    MB FINANCIAL BANK, N.A. bankruptcy@feinsuch.com
          John R. Morton, Jr.    on behalf of Creditor    Santander Consumer USA Inc.,
           ecfmail@mortoncraig.com, mortoncraigecf@gmail.com
          Joshua  Humphries    on behalf of Debtor Jean N. Mathurin jhumphries@keaveneylegalgroup.com,
           jday@keaveneylegalgroup.com;r46514@notify.bestcase.com
          Marie-Ann  Greenberg     magecf@magtrustee.com
          Nicholas V. Rogers    on behalf of Creditor    MB FINANCIAL BANK, NATIONAL ASSOCIATION
           nj.bkecf@fedphe.com
          Sherri Jennifer Smith    on behalf of Creditor    MB FINANCIAL BANK, NATIONAL ASSOCIATION
           nj.bkecf@fedphe.com, nj.bkecf@fedphe.com
          U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                             TOTAL: 8
```